

FILED
MAY 2 4 2007
MAY 24 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Brian Cox
1125 W. Garfield; #1
Chicago, IL 60621
    Plaintiff,

v.

Creditors Financial Group LLC
c/o CT Corporation Systems, Registered Agent
208 S. LaSalle Street
Chicago, IL 60604

AND

Jane Doe aka Carolina
Address Unknown

    Defendants.

07CV2907
JUDGE LEFKOW
MAG. JUDGE ASHMAN

COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, THE ILLINOIS COLLECTION AGENCY ACT, FRAUD, NEGLIGENCE, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, INVASION OF PRIVACY AND OTHER EQUITABLE RELIEF

## JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collections Practices Act (FDCPA), 15 U.S.C. §1692 and under the doctrine of Supplemental Jurisdiction. Venue is proper in this district because this is the judicial district where all of the events giving rise to the cause of action took place.

## FACTS COMMON TO ALL COUNTS

2. The Plaintiff is a person who incurred a consumer debt primarily for personal, family or household purposes.

3. Defendant Creditors Financial Group, LLC is a corporation doing business primarily as a consumer debt collector.

4. Defendant Jane Doe, aka Carolina is a debt collector employed, or previously employed by Defendant Creditors Financial Group, LLC.

5. Defendants are debt collectors as defined by the FDCPA, 15 U.S.C. §1692a(6).

6. The Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

7. The debt in question qualifies as a "debt" as defined by 15 U.S.C. §1692a(5).

8. Defendants are debt collector under Illinois' Collection Agency Act.

9. Defendant Creditor's Financial Group, LLC is either the holder of the debt or was retained by the current holder to collect the debt.

10. All of Defendants' actions occurred within one year of the date of this Complaint.

11. Plaintiff hired Legal Helpers, P.C. to file a bankruptcy.

12. Plaintiff advised Defendants of this fact on or before November 8, 2006.

13. On or before November 7, 2006, Plaintiff advised Defendant that he was not permitted to receive telephone calls at work.

14. Multiple times after that, Carolina, an agent of Defendant Creditor's Financial Group, LLC, contacted Plaintiff at work, thereby getting him in trouble with his employer.

15. On or after November 7, 2006, an agent of Defendant Creditor's Financial Group, LLC, Carolina, contacted Plaintiff's human resources department, Plaintiff's Lost Prevention Coordinator, and Plaintiff's Manager and advised that she worked for Cook County and that she was going to have Plaintiff placed in Jail for Fraud.

16. During one or more conversations, Defendants failed to advise it was a debt collector as required under the Fair Debt Collection Practices Act.

17. Plaintiff's reputation has been tarnished.

18. Plaintiff has experienced extreme distress.

19. Defendant Creditor's Financial Group, LLC is liable for the acts of its employees.

20. Defendants violated the Fair Debt Collection Practices Act.

## COUNT ONE

### Violation of the FDCPA

21. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

22. The Defendants violated 15 U.S.C. §1692 by calling Plaintiff at work after it was informed that Plaintiff did not want to receive and was not permitted to receive personal phone calls at work.

## COUNT TWO

### Violation of the FDCPA

23. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

24. The Defendants violated 15 U.S.C. §1692c in that it continued, on multiple occasions, to contact Plaintiff notwithstanding the fact that the Defendants were told by the Plaintiff they were represented by an attorney.

## COUNT THREE

### Violation of the FDCPA

25. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

26. The Defendants violated 15 U.S.C. §1692c in that it contacted a third party and disclosed the existence, nature and/or amount of the debt.

## COUNT FOUR

### Violation of the FDCPA

27. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

28. The Defendants violated 15 U.S.C. §1692e(4) in that Defendants failed to advise Plaintiff during verbal communications that Defendants was attempting to collect a debt and information would be used for that purpose.

## COUNT FIVE

### Violation of the FDCPA

29. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

30. The Defendants violated 15 U.S.C. §1692e(4) in that it threatened legal action where such action was not contemplated, and stated for the sole purpose of terrifying the Plaintiff.

## COUNT SIX

### Violation of the FDCPA

31. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

32. The Defendants violated 15 U.S.C. §1692 when its agent stated she worked for Cook County and was going to have Plaintiff put in jail to Plaintiff's Human Resources Department .

## COUNT SEVEN

### Violation of the FDCPA

33. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

34. The Defendants violated 15 U.S.C. §1692 when its agent stated she worked for Cook County and was going to have Plaintiff put in jail to Plaintiff's Lost Prevention Coordinator .

## COUNT EIGHT

### Violation of the FDCPA

35. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

36. The Defendants violated 15 U.S.C. §1692 when its agent stated she worked for Cook County and was going to have Plaintiff put in jail to Plaintiff's Manager.

## COUNT NINE

### Violation of the FDCPA

37. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

38. The Defendants violated 15 U.S.C. §1692e in that their actions were unfair and/or unconscionable means to collect a debt.

## COUNT TEN

### Violation of the FDCPA

39. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

40. The Defendants violated 15 U.S.C. §1692e(10) by stating Plaintiffs would be sued when, in fact, no lawsuit was intended.

## COUNT ELEVEN

### Violation of the FDCPA

41. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

42. The Defendants violated 15 U.S.C. §1692e, generally, by having non-attorneys overtly state that they could control the decision to litigate and the timing and scope of the litigation, when in fact this would be an attorney decision.

43. Such action is also the unauthorized practice of law.

## COUNT TWELVE

### Violation of the FDCPA

44. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

45. All of the above statements, actions and activities are deceptive and misleading in violation of 15 U.S.C. §1692.

## COUNT THIRTEEN

### Violation of the Illinois' Collection Agency Act

46. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

47. The Defendants violated Illinois' Collection Agency Act §9(11) when its agent stated she worked for Cook County and was going to have Plaintiff put in jail to Plaintiff's Lost Prevention Coordinator.

## COUNT FOURTEEN

### Violation of the Illinois' Collection Agency Act

48. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

49. The Defendants violated Illinois' Collection Agency Act §9(11) when its agent stated she worked for Cook County and was going to have Plaintiff put in jail to Plaintiff's Manager.

## COUNT FIFTEEN

### Violation of the Illinois' Collection Agency Act

50. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

51. The Defendants violated Illinois' Collection Agency Act §9(11) when its agent stated she worked for Cook County and was going to have Plaintiff put in jail to Plaintiff's Human Resources Department..

## COUNT SIXTEEN

### Violation of the Illinois' Collection Agency Act

52. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

53. The Defendants violated Illinois' Collection Agency Act §9(14) when its agent stated she worked for Cook County and was going to have Plaintiff put in jail to Plaintiff's Manager.

## COUNT SEVENTEEN

### Violation of the Illinois' Collection Agency Act

54. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

55. The Defendants violated Illinois' Collection Agency Act §9(14) when its agent stated she worked for Cook County and was going to have Plaintiff put in jail to Plaintiff's Human Resource Department.

## COUNT EIGHTEEN

### Violation of the Illinois' Collection Agency Act

56. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

57. The Defendants violated Illinois' Collection Agency Act §9(14) when its agent stated she worked for Cook County and was going to have Plaintiff put in jail to Plaintiff's Lost Prevention Coordinator.

## COUNT NINETEEN

### Violation of the Illinois' Collection Agency Act

58. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

59. The Defendants violated Illinois' Collection Agency Act §9(15) by calling Plaintiff at the frequency it did.

## COUNT TWENTY

### Violation of the Illinois' Collection Agency Act

60. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

61. The Defendants violated Illinois' Collection Agency Act §9(30) by contacting Plaintiff after it received notice that it was represented by an attorney.

## COUNT TWENTY ONE

### Fraud

62. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

63. Defendant's agent made a false statement of material fact, namely, that Defendant's agent worked for Cook County and Plaintiff would be thrown in jail.

64. This was communicated to an agent of Plaintiff, or in the alternative, a person of similar legal significance so that it was if it was stated to Plaintiff directly.

65. This statement was known or believed to be false by the Defendant.

66. This statement was made intending to induce Plaintiff to act. Specifically, to get Plaintiff to pay its debts.

67. Based on theses statements, Plaintiff conducted research to make sure the comments were untruthful.

68. Plaintiff was damaged because of the misrepresentation. His co-workers and superiors treat him differently, his reputation has been harmed, and he has experienced great distress.

## COUNT TWENTY TWO

### Public Disclosure of a Private Fact

69. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

70. Defendants released information which was private to the Plaintiff and concerned Plaintiff's private life to his Manager.

71. The disclosure of debts, accusation of a crime, and the treat of imprisonment to these parties is highly offensive.

72. This information is not of legitimate concern to the public.

## COUNT TWENTY THREE

### Public Disclosure of a Private Fact

73. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

74. Defendants released information which was private to the Plaintiff and concerned Plaintiff's private life to his Loss Prevention Coordinator.

75. The disclosure of debts, accusation of a crime, and the treat of imprisonment to these parties is highly offensive.

76. This information is not of legitimate concern to the public.

## COUNT TWENTY FOUR

### Public Disclosure of a Private Fact

77. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

78. Defendants released information which was private to the Plaintiff and concerned Plaintiff's private life to his Human Resources Department.

79. The disclosure of debts, accusation of a crime, and the treat of imprisonment to these parties is highly offensive.

80. This information is not of legitimate concern to the public.

## COUNT TWENTY FIVE

### Defendant's Liability for the Acts of its Agent
### (Respondeat Superior)

81. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

82. Defendant's employee's conduct was negligent, willful, and or intentional.

83. Defendant's employee's actions were committed in the course of employment with Plaintiff.

84. Defendant's employee's actions were in furtherance of the business of the Plaintiff.

85. Defendant is liable for its employees conduct.

## COUNT TWENTY SIX

### Negligent Retention of Carolina

86. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

87. Defendant knew or should have known that Carolina was conducting her collection efforts in the manner he was.

88. Defendant knew or should have known that Carolina was threatening arrest and/or imprisonment, and/or criminal charges against debtors they were retained to collect from.

89. Defendant knew or should have known of this activity during its supervision/retention of its employees.

90. Permitting Carolina to remain an employee of Defendant is the direct and proximate cause of Plaintiffs' injuries.

91. But for Defendant's retention of Carolina, Plaintiffs would not have suffered injury.

92. The Retention of Carolina was unreasonable under the circumstances.

## COUNT TWENTY SEVEN

### Invasion of Privacy by Intrusion upon Seclusion

93. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

94. Defendants intentionally interfered, physically or otherwise, with the solitude, seclusion, and or private concerns or affairs of the Plaintiff.

95. Defendants intentionally caused harm to the Plaintiffs' emotional well being by engaging in highly offensive conduct in the course of collecting a debt, as described herein.

96. Plaintiffs have a reasonable expectation of privacy in Plaintiff's solitude, seclusion, and or private concerns or affairs.

97. The intrusion by Defendants occurred in a way that would be highly offensive to a reasonable person in that position.

98. As a result of such invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

## COUNT TWENTY EIGHT

### Intentional Infliction of Emotional Distress

99. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

100. Defendants engaged in conduct that was truly extreme and outrageous.

101. Defendants intended to inflict severe distress and/or knew that there was a high probability that their actions would cause severe emotional distress.

102. Defendants extreme conduct, Gail and Anthony suffered severe emotional distress.

## PRAYER FOR RELIEF

103. Plaintiff prays for the following relief:

   a. Judgment against each and every defendant for actual damages, statutory damages pursuant to 15 U.S.C. §1692k and costs, and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

   b. Judgment against each and every defendant for actual damages, statutory damages, costs and attorney's fees under Illinois Collection Agency Act.

   c. Punitive Damages against Creditor's Financial Group, LLC in an amount to be determined at trial.

   d. Judgment, in an amount to be determined at trial, against each defendant for the Intentional Infliction of Emotional Distress.

   e. Judgment, in an amount to be determined at trial, against each defendant for the Intentional Infliction of Emotional Distress against both Defendants for the Negligent Retention of Carolina.

   f. Judgment, in an amount to be determined at trial, against each defendant for the Invasion of Privacy by Intrusion Upon Seclusion.

   g. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

LEGAL HELPERS, P.C.

By: _____
    Jeffrey S. Hyslip
    Attorney for Plaintiff
    20 West Kinzie; Suite 1300
    Chicago, IL 60610
    Telephone: 1.866.339.1156